# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGA SERVICE COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED AIR AMBULANCE, LLC, et al.<br><br>          Defendants. | Case No.: 16-CV-2663 W (WVG)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DOC. 6]** |

Pending before the Court is a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(B)(2). Plaintiff opposes.

The Court decides the matters on the papers submitted and without oral argument under Civil Local Rule 7.1(d.1). For the reasons discussed below, the Court **DENIES** Defendants' motion [Doc. 6].

I. <u>BACKGROUND</u>

Plaintiff AGA Service Company is a Virginia corporation that provides travel insurance plans, assistance services, and personal concierge services. (*Compl.* [Doc. 1] ¶ 1.) One of the assistance services provided under the travel plans is emergency medical transportation for customers traveling in foreign countries. (*Id.* ¶ 2.) Under the plans, AGA will arrange transportation to an appropriate medical facility for customers who

1

become seriously ill or injured while traveling. (*Id.*) AGA provides its services through a network of air ambulance providers. (*Id.* ¶ 3.) AGA's customers, however, are required to contact AGA to make all transportation arrangements, and customers are told that AGA "will not pay for any of the services . . . if we didn't authorize or arrange it." (*Id.* ¶ 2.)

Defendants United Air Ambulance, LLC, ("UAA"), Air Ambulance Billing, LLC ("AAB") and Americas Billing Solution, LLC ("ABS") are Arizona limited liability companies. (*Compl.* ¶¶ 10–12.) AGA alleges that Defendants are engaged in a scheme of intentionally interfering with AGA's contractual relationships with its customers by "misleading, misinforming, and making misrepresentations to AGA's customers in order to dissuade them from utilizing AGA's emergency medical transportation services." (*Id.* ¶ 4.) According to the Complaint, Defendants do so through a "network in foreign locations who are compensated by Defendants for directing patients to Defendants" to arrange emergency medical transportation. (*Id.* ¶ 6.) The foreign network consists, in part, of medical providers in foreign countries who steer patients to Defendants by misrepresenting "an affiliation with AGA that does not exist, interfering with AGA's efforts to make direct contact with its customer, and/or falsely telling AGA personnel who are working the emergency medical transportation case that a traveler made evacuation plans with the traveler's primary health insurer when, in fact, Defendants are brokering an air ambulance for the travelers as arranged by their foreign network." (*Id.* ¶¶ 6, 27) Defendants then provide the customers with emergency transportation at "exorbitant rates" (at times ten to twenty times that which is charged by the air ambulance industry), after securing from customers an "assignment of reimbursement claims," which Defendants then pursue against AGA. (*Id.* ¶¶ 4, 7.) AGA contends that "[b]y securing the AGA customer's assent to use their services, and an assignment of the customer's rights under the AGA travel plan under these false pretenses, [Defendants] intentionally position themselves to put demands upon AGA for payment in the name of the AGA customer, and continue to harass and pursue AGA even when AGA has

fulfilled its contractual obligation to its customer." (*Id.* ¶ 100.) As a result of this conduct, AGA contends it has lost money, suffered damage to its business and that Defendants have been unjustly enriched at AGA's expense. (*Id.* ¶¶ 101, 110, 114.)

On October 27, 2016, AGA filed this lawsuit against Defendants. The Complaint asserts causes of action for (1) unfair competition under California law, (2) intentional interference with contractual relations, and (3) unjust enrichment. (*See Compl.*) Defendants now seek to dismiss the lawsuit on the ground that this Court lacks personal jurisdiction.

## II. LEGAL STANDARD

Where a defendant moves to dismiss for lack of personal jurisdiction, it "is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." Doe v. Unocal, 248 F.3d 915, 922 (9th Cir. 2001) (citing Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir. 1984), cert. denied 470 U.S. 1005 (1985)). The plaintiff needs to make a prima facie showing of jurisdictional facts to withstand a motion to dismiss. Id. That is, the plaintiff need only demonstrate facts that if true, would support jurisdiction over the defendant. Id. Although the plaintiff cannot "simply rest on the bare allegations of the complaint," uncontroverted allegations contained in the complaint must be taken as true. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Furthermore, conflicts between the parties contained in affidavits must be resolved in the plaintiff's favor. Id.

A district court has personal jurisdiction over a defendant only if a statute authorizes jurisdiction and the assertion of jurisdiction does not offend due process. Unocal, 248 F.3d at 922. "Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Yahoo! Inc., v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006); see also Fed.R.Civ.P. 4(k)(1)(a). Because California's long-arm jurisdictional statute is coextensive with federal due-process requirements, the

3

jurisdictional analyses under state and federal law are the same. Yahoo!, Inc., 433 F.3d at 1205; see Cal. Civ. Proc. Code § 410.10.

Absent traditional bases for personal jurisdiction (i.e. physical presence, domicile, and consent), the Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be "present" in that forum for all purposes, a forum may exercise only "specific" jurisdiction–that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408 (1984).

In order to establish general jurisdiction, a plaintiff must satisfy an "exacting standard" for the minimum contacts required. In Ranza v. Nike, Inc., 793 F.3d 1059, 1069 (9th Cir. 2015), the Ninth Circuit described the standard for general jurisdiction as requiring,

> affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.* comparable to a domestic enterprise in that State. Such contacts must be 'constant and pervasive. The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. Only in an "exceptional case" will general jurisdiction be available anywhere else.

Id. (citations omitted). To establish specific jurisdiction over a nonresident defendant, plaintiff must establish that the defendant (1) has purposefully availed itself of the forum's benefits, (2) the controversy is related to the defendant's contacts, and (3) the assertion of jurisdiction is not unreasonable. Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015).

4

## III. DISCUSSION

### A. General jurisdiction.

AGA contends that in evaluating whether Defendants' contacts with California are sufficient for general jurisdiction, Defendants should be treated as a single entity under the alter-ego theory. (*Amend Opp'n* [Doc 17] 4:25–5:12.) In essence, AGA appears to concede that individually, none of the Defendants' contacts with the state is sufficient to establish general jurisdiction.

"[T]he alter ego test may be used to extend personal jurisdiction to a foreign parent *or* subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." Ranza v. Nike, Inc., 793 F.3d 1059, 1073 (9th Cir. 2015) (citation omitted). Under this test, the plaintiff must demonstrate (1) a "unity of interest and ownership [such] that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." Id. The unity of interest factor requires plaintiff to show,

> that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former. This test envisions pervasive control over the subsidiary, such as when a parent corporation 'dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation.

Id. at 1073 (citations omitted).

Here, AGA seeks to satisfy the unity-of-interest test with evidence that (1) the Defendants are commonly owned by Cheyenne Lord, (2) certain employees perform services on behalf of the other Defendants, (3) two of the three Defendants appear to share the same office space[1], and (4) Defendants share access on a common computer

---

[1] AGA's opposition cites Exhibits 2 through 4 in Gayle Jenkins declaration in support of the assertion that all three entities "maintain a common space in Chandler, Arizona." (*Amend. Opp'n* [Doc. 17] 5:15–17.) Exhibit 2 and 3 indicate that Defendants UAA and AAB are located at 1314 E. Frances Lane, Gilbert, AZ. (*Jenkins Dec.* [Doc. 17-1] Exs. 2 and 3.) But Exhibit 4 indicates that Defendant ABS is located at 2680 S. Val Vista Drive, Suite 141, Gilbert, AZ. (*Id.*, Ex. 4.)

system. (*Amend. Opp'n* [Doc. 17] 5:15–7:6.)  Although this evidence demonstrates a close relationship between the Defendants, it is not sufficient to establish the type of pervasive control necessary to satisfy the unity-of-interest test.

"Total ownership and shared management personnel are alone insufficient to establish the requisite level of control." Ranza, 793 F.3d at 1073.  Thus, the fact that Cheyenne Lord is the sole member of UAA and AAB is insufficient.  Additionally, Defendant UAA's admission that it's "employees also perform work and/or related tasks for AAB" (*see Jenkins Dec.* Ex. 19 at 11:26–27), is far too vague to suggest UAA exercises pervasive control over AAB.  It is unclear what "work and/or related tasks" UAA employees perform for AAB, and thus is not reasonable to infer that the work or tasks involves dictating AAB's business and/or day-to-day operations.  Id. at 1074.  Nor does it seem unusual that UAA's employees would perform "work and/or related tasks" for AAB given that AAB provides billing services to UAA.  For this same reason, the fact that Defendants' employees share access on a common computer system is not so unusual that it suggests a unity of interest.

At best, AGA's evidence establishes Defendants' common ownership and a close working relationship between the companies.  AGA, however, has not provided evidence that UAA dictates the day-to-day operations of the other Defendants, or any evidence that Defendants fail to maintain their own accounting books and records, fail to keep adequate corporate records, that one corporation freely uses the assets of another or that any of the Defendants are undercapitalized.  Accordingly, the Court finds Defendants should be treated as a single entity for purposes of evaluating personal jurisdiction.  Because AGA has failed to set forth facts demonstrating that any individual Defendant's affiliations with California is so continuous and systematic as to render the Defendant essentially at home here, general jurisdiction is lacking.  Ranza, 793 F.3d at 1069.

//
//
//

**B.  Specific jurisdiction exists over Defendant UAA and AAB.**

Specific jurisdiction exists where: (1) the defendant purposefully availed himself of the privilege of conducting activities in the forum; (2) the claim arises out of the defendant's forum related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable.  See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Cybershell, Inc. v. Cybershell, Inc., 130 F.3d 414, 417 (9th Cir. 1997)).  Plaintiff bears the burden of satisfying the first two prongs.  Schwarzenegger, 374 F.3d at 802.  If plaintiff succeeds in satisfying both prongs, the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable.  Id.

### 1.  Defendants purposefully availed themselves of the benefits of doing business in California.

In support of the first factor, AGA argues Defendants purposefully availed themselves of the benefits of doing business in California by, among other things, (1) seeking the assignment of policy benefits of California residents, and (2) filing claims against AGA with the California Department of Insurance ("DOI") for reimbursement of expenses related to emergency transportation of AGA's customers.  (*Amend. Opp'n* 9:8–13.)  In support of these contentions, AGA relies on Defendants' Supplemental Responses to Interrogatories, Set One.  (*See Jenkins Decl.* [Doc. 17-1], Exhibit 20 [Doc. 17-21], Exhibit 22 [Doc. 17-23], Exhibit 24 [Doc. 17-25].)  In those responses, Defendants acknowledge:

- Defendant UAA "provided services to 18 claimants with a California address," "demanded payment based on an assignment of benefits for 18 claimant[s] with a California address," and billed $3,119,955.00 based on "claimants with a California address, which represents 14.1% of the total amount billed for all claimants since January 1, 2013."  (*Id.* Ex. 20 at 3:2-3, 8:5–7, 9:24–27.)

- Defendant AAB has "demanded payment based on an assignment of benefits for 33 claimants with a California address," and billed $8,728,633.00 based on "claimants with a California address, which represents 6.28% of the total amount billed for all claims since January 1, 2013." (*Id.* Ex. 22 at 8:2–4, 10:1–4.)
- Defendant ABS has "demanded payment based on an assignment of benefits for 27 claimants with a California address," and billed $184,548.68 "based on claimants with a California address, which represents 10.98% of the total amount billed since January 1, 2013." (*Id.* Ex. 24 at 8:5–7, 10:2–4.)

Additionally, AGA has provided evidence confirming that Defendants UAA and AAB filed appeals / complaints with the California DOI and California Attorney General's Office regarding the amount AGA reimbursed Defendants for emergency transportation services provided to California policy holders. (*See id.* Exhibits 1, 27.)

In response, Defendants appear to assert that AGA's evidence should be disregarded because the factual allegations regarding the amount of Defendants' business involving California claimants and Defendants' appeals with the California agencies are not included in the Complaint, and because AGA provided no evidence supporting those allegations. Defendants' arguments lack merit.

In evaluating a motion to dismiss based on the lack of personal jurisdiction, courts do not limit their evaluation to the facts included in the complaint. See Williams v. Yamaha Motor Co. Ltd., 851 F.3d 1015, 1022 (9th Cir. 2017) (finding plaintiff's evidence submitted in opposition to defendant's motion to dismiss was insufficient to support minimum contacts). Thus, this Court may consider AGA's allegations regarding the amount of business Defendants conduct in California and their appeals with California agencies in evaluating jurisdiction, as long as they are supported by evidence. And contrary to Defendants' contention, AGA's factual assertions are supported by Defendants' supplemental discovery responses and filings with the California agencies. (*See Jenkins Decl.* Exhibits 1, 20, 22, 24, 27.)

8

Defendants next contend that the factual allegations regarding Defendants' appeals to the DOI are immaterial because the "conduct claimed in the complaint is not based on those actions." (*Amend Reply* [Doc. 18] 6:14–19.) Defendants are again wrong. AGA's causes of action clearly encompasses Defendants' attempts to enforce the assignments secured from AGA's customers. Paragraph 7 of the Complaint alleges that after the assignment of the claim has occurred, "Defendants … wrongfully seek from AGA the balance of charges they seek to impose as a result of the services provided to AGA customers at a rate that is *ten to twenty times* that which is charged in the air ambulance industry. . . ." (*Compl.* ¶ 7.) In paragraph 34, AGA specifically alleges Defendants' "continued pursuit of the balance from AGA is an unfair and deceptive business practice." (*Id.* ¶ 34.) At paragraph 67, AGA specifies that with respect to one of AGA's California customers, Defendants "continue to seek the balance of over $100,000.00 that they charged for the transport of this AGA customer." (*Id.* ¶ 67.) And in the unfair competition cause of action, AGA alleges that Defendants "continue to harass and pursue AGA even when AGA has fulfilled its contractual obligation to its customer." (*Id.* ¶ 100.) In short, contrary to Defendants' argument, AGA's claim encompasses Defendants' attempts to collect the difference between the amount Defendants' billed for the emergency transportation and the amount AGA reimbursed Defendants.

Finally, Defendants argue the appeals with the DOI are insufficient to establish specific jurisdiction because it is unclear which Defendants tried to enforce "a patient service agreement." (*Amended Reply* 6:16–19.) However, the appeals / complaints filed with the California DOI identify Defendants UAA and AAB. Accordingly, Defendants argument lacks merit.

//
//
//

### 2. AGA's claim arises out of UAA's and AAB's California conduct.

As discussed above, the evidence indicates Defendants have obtained assignments of benefits from AGA's California customers and that Defendants UAA and AAB have filed appeals / complaints with the California DOI and attorney general regarding the amount AGA reimbursed. Additionally, AGA's claims are based, in part, on Defendants' continued harassment and pursuit of reimbursement claims against AGA "even when AGA has fulfilled its contractual obligation to its customer." (*Compl.* ¶ 100.) Accordingly, AGA's claim arises out of Defendant UAA's and AAB's California conduct.

However, AGA has not provided evidence demonstrating that ABS has filed claims with the California DOI, or any other state agency, relating to AGA's California customers. Accordingly, AGA has failed to establish that the claims against ABS arise out of its California conduct.

### 3. Exercising jurisdiction would not be unreasonable.

Defendants UAA and AAB bear the burden of establishing that the exercise of jurisdiction would not be reasonable. In evaluating this factor, courts consider: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Paccar Intern., Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1065 (9th Cir. 1985). None of the factors is dispositive in itself; instead, they must be balanced. See Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1487–88 (9th Cir. 1993).

10

16-CV-2663 W (WVG)

Here, Defendants argue it would be unreasonable to exercise jurisdiction over them because (1) they have not purposefully injected any business into California; (2) California has little or no interest in this lawsuit; (3) there are no witnesses or evidence located in California; (4) Defendants are located in Arizona, and (5) the flights and services originated in Costa Rica. (*P&A* 13:5–17, *Amend Reply* 11:22–24.) AGA respond that Defendants demand of over $12 million on behalf of 78 California claimants in the last four years contradicts any suggestion that their contacts in the state are "random," "fortuitous" or "attenuated," and Defendants use of the "CA DOI in carrying out their overbilling scheme" further contradicts the contention that defending the lawsuit in California would be burdensome. The Court finds AGA has the better argument.

First, the Court agrees that the extent of Defendants UAA and AAB's business involving California residents, as well as their use of the California agencies in the alleged scheme, contradicts Defendants' contention that they did not purposefully avail themselves of the benefit of doing business in California. Second, given the number of California residents for whom Defendants have submitted claims, California has an interest in this litigation. Third, Defendants have provided no reason to suggest that the exercise of jurisdiction would create a conflict with Arizona's sovereignty, nor have they suggested that Arizona has a greater interest in this litigation than California. Finally, although none of the evidence relevant to this litigation appears to be California, Defendants have also not demonstrated that Arizona or any other state is a better or more convenient forum for this litigation, particularly given that many of the events may have occurred in a foreign country. Accordingly, balancing the factors relevant to determining if the exercise of jurisdiction would be unreasonable, the Court finds Defendants UAA and AAB have failed to carry their burden. See Schwarzenegger, 374 F.3d at 803 (citing Burger King, 471 U.S. at 476 ("The Supreme Court has held that due process permits the exercise of personal jurisdiction over a defendant who purposefully directs his activities at residents of a forum, even in the absence of physical contacts with the forum.")

### C. Venue

Defendants also argue the case should be dismissed because venue in this district is improper. The Court disagrees.

Venue is proper where (1) any defendant resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) if neither (1) nor (2) apply, where any defendant is subject to the court's personal jurisdiction. 28 U.S.C. 1391(b). Here, none of the Defendants reside in California, nor have a substantial part of the events giving rise to AGA's claim occurred in another district in California. Because Defendants UAA and AAB are subject to this Court's personal jurisdiction, venue is also proper in this district.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to dismiss [Doc. 6] as to Defendants United Air Ambulance, LLC, and Air Ambulance Billing, LLC, but **GRANTS** the motion as to Defendant Americas Billing Solution, LLC.

**IT IS SO ORDERED.**

Dated: September 26, 2017

Hon. Thomas J. Whelan
United States District Judge